```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    JACKSONVILLE DIVISION




ALLAN BROWN,

          Plaintiff,

vs.                                    Case No. 3:06-cv-872-J-HTS

MICHAEL J. ASTRUE,
Commissioner of Social
Security,[1]

          Defendant.
_____

                       OPINION AND ORDER[2]

                           I.  Status
```

Allan T. Brown is appealing the Social Security Administration's denial of his claim for Disability Insurance Benefits (DIB).[3] His alleged inability to work is based on asthma and emphysema. Transcript of Administrative Proceedings (Tr.) at 54Q. Plaintiff was found not disabled by Administrative Law Judge

---

[1]   Pursuant to Rule 25, Federal Rules of Civil Procedure, Michael J. Astrue, Commissioner of Social Security, is substituted as Defendant herein.

[2]   The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #9).

[3]   Whether Plaintiff also applied for or should be considered for Supplemental Security Income benefits is a matter disputed in the briefs filed.

(ALJ) Edward Bayouth-Babilonia in a Decision entered on May 19, 2006. *Id.* at 15, 20. Mr. Brown has exhausted the available administrative remedies and the case is properly before the Court.

Plaintiff indicates he is raising three issues. He inquires as to "[w]hether the [ALJ] erred by not evaluating whether [he] was eligible for Supplemental Security Income [(SSI)] benefits[.]" Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. #12; Memorandum) at 1, 6 (emphasis omitted). Additionally, he asks the Court to consider "[w]hether the [ALJ] erred in determining that [his] asthma impairment did not meet a Listed impairment prior to his Date Last Insured[.]" *Id.* at 1 (emphasis omitted); *see also id.* at 10. Finally, Mr. Brown draws attention to "[w]hether the [ALJ] failed to afford [him] a full and fair hearing when [the judge] did not allow his representative to fully question the Vocational Expert[(VE).]" *Id.* at 1 (emphasis omitted); *see also id.* at 15.

## II. Legal Standard

This Court reviews the Commissioner's final decision as to disability[4] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can

Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if . . . supported by 'substantial evidence[.]'" *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)).  Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)).  Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]"  *Ingram v. Comm'r of Soc. Sec. Admin*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III.  Discussion

**A.  Application for SSI**

According to Claimant, while "[i]t is not 100% entirely clear based upon the record . . . whether or not a claim for Title XVI [(SSI)] benefits was taken for [him] or whether he was even

---

perform past work; and 5) retains the ability to perform any work in the national economy.  *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

eligible for Title XVI benefits[,]" Memorandum at 9, certain "[e]vidence contained in the file . . . indicates that [he] had a claim pending for [SSI] benefits."  *Id.* at 6.  Specifically, "[a] computer printout generated by the Commissioner . . . indicates that Mr. Brown's 'Claim Type(s)' were '<u>DIB     SSIDI</u>' with an onset date of disability of '<u>09011999</u>'."  *Id.* at 8. Plaintiff further notes a nonexamining physician "stated that he was reviewing . . . evidence under both the T2 (presumably Title II) program and T16 program," and therefore "must have had information available to him that [the] claim was one for both benefits."  *Id.* (footnote omitted).  He asserts the judge's duty to develop the record "includes a duty to make sure that [the] claim was adjudicated under all relevant disability programs[.]" *Id.* at 9.

The Commissioner maintains that, since the record fails to demonstrate "an application for SSI was before the ALJ[,]" Memorandum in Support of the Commissioner's Decision (Doc. #13; Opposition) at 6, Plaintiff has no entitlement to a remand for clarification as to whether he applied for or should have been considered for SSI benefits.  *See id.*  Defendant also observes

> [t]he ALJ began the July 2005 hearing by stating "We're started on the record in the hearing of Allan Brown to establish disability insurance benefits" (Tr. 280). The ensuing discussion between the ALJ and Plaintiff's attorney addressed Plaintiff's claim for DIB and his need to establish disability before his insured status expired

- 4 -

>    (Tr. 280-82).  No mention of an SSI claim was made by
>    Plaintiff or his attorney at that time.

*Id.*

"It is well-established that the ALJ has a basic duty to develop a full and fair record."  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam).  While a duty to develop the record in support of a claim exists, no authority has been presented to the Court (nor has the Court's research disclosed any) that places upon the ALJ an obligation to raise the issue of whether a claimant might have applied for SSI benefits.

Plaintiff, as he basically admits, is unable to establish that he applied for SSI in addition to DIB.  He does not assert that he in fact did so and, presumably, has no recollection of having pursued SSI.[5]  Aside from the lack of an SSI application in the record, there are documents indicating the claim was for DIB only. *See, e.g.*, Tr. at 21, 22, 31.  Plaintiff was represented by counsel before the administration, but there was no suggestion either at the hearing or in the written arguments made to the Appeals Counsel, *see id.* at 10-12, that Mr. Brown was pursuing SSI benefits.  Under the circumstances, his argument that the record

---

[5] At one point, Claimant observes that, "as noted in 20 C.F.R. §416.350(b) (2006), the Commissioner recognizes that a Title II application constitutes an inquiry for Title XVI eligibility and establishes a protective filing date for the Title XVI application." Memorandum at 8. Nevertheless, the portion of the regulations cited applies only "if the requirements of § 416.345 (d) and (e) are met." The latter provisions clearly require a written application to be made by way of a proper form within a prescribed period.

before the Court, which has been certified to "constitute a full and accurate transcript of the entire record of proceedings relating to this case[,]" Certification, appearing as front sheet to Tr., might be incomplete, is insufficient to mandate remand.

**B. Listing**

Mr. Brown contends that, because his "first asthma attack triggering potential application of Listing 3.03 occurred prior to the expiration of his DLI [date last insured], the ALJ was required to evaluate the medical evidence of record for at least the next twelve (12) months to determine if he is entitled to a finding of disability based upon" that Listing.[6]  Memorandum at 13.  Assuming for the sake of argument that documentation of attacks subsequent to expiration of insured status can be used to meet a Listing, Defendant concludes "Plaintiff did not provide medical reports documenting that he experienced qualifying attacks[.]" Opposition at 10.

Listing 3.03B, 20 C.F.R. Pt. 404, Subpt. P, App. 1, requires proof of "attacks . . . in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year."  Further, "an evaluation period of at least 12 consecutive months must be used to determine

---

[6] In regard to the ALJ's handling of evidence subsequent to the DLI, Plaintiff confines his argument to whether the judge erred by determining he did not meet Listing 3.03.

the frequency of attacks." *Id*. To meet any "Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (per curiam).

A claimant cannot establish a Listing has been met where his or her qualifying symptoms occur *after* the expiration of insured status. *Cf., e.g., Rumphol v. Barnhart*, No. 01 C 8059, 2003 WL 22424723, at *10 (N.D. Ill. Oct. 22, 2003); *Ward v. Shalala*, 898 F. Supp. 261, 267 (D. Del. 1995); SSR 83-20 (finding of disability cannot be made "unless insured status is also met at a time when the evidence establishes the presence of a disabling condition(s)"). Even if such could be done, Plaintiff is impeded by the fact that approximately five months elapsed between the alleged first attack and the second, *see* Memorandum at 11 (first attack August 11, 1999; second January 9, 2000), which occurred after Plaintiff's insured status expired. *See* Tr. at 17 (last date insured was December 31, 1999). Mr. Brown points to nothing that suggests his condition had reached a disabling level prior to his date last insured. To the contrary, a progress note from May 27, 2000, describes the asthma as having only become significant as of January 2000. *Id.* at 154. "Evidence of an impairment that became disabling only after the date last insured cannot be the basis for

the determination of entitlement for disability benefits, even though the impairment may have existed before a claimant's insured status expired." *Thomas v. Chater*, 933 F. Supp. 1271, 1274 (D.V.I. 1996).[7] Accordingly, remand is not deemed appropriate on this basis.

**C. Full and Fair Hearing**

Lastly, Plaintiff maintains that by disallowing a question his counsel attempted to ask the VE, the ALJ "failed to afford [him] a full and fair hearing[.]" Memorandum at 15.

"The Social Security Act requires that a claimant's hearing be both full and fair." *Fries v. Comm'r of Soc. Sec. Admin.*, 196 F. App'x 827, 830 (11th Cir. 2006) (per curiam) (citing *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam)). The "'cold neutrality of an impartial judge'" is essential if due process is to be satisfied. *Pastrana v. Chater*, 917 F. Supp. 103, 105 (D.P.R. 1996) (quoting *United States v. Orbiz*, 366 F. Supp. 628, 629 (D.P.R. 1973)). Essentially, an "ALJ's role in a disability benefits hearing is analogous to that of a trial judge, for whom it is clearly improper to interfere with the questioning

---

[7] Additionally, it is noted the Commissioner correctly states that at least some of Plaintiff's alleged attacks would in any event not count toward meeting the Listing, *see* Opposition at 9-10, which requires their onset "in spite of prescribed treatment[.]" Listing 3.03B, 20 C.F.R. Pt. 404, Subpt. P, App. 1. The medical documentation from the May 2000 episode reports Plaintiff was "doing fine until [he ran] out [of] his meds" a week before. Tr. at 154. Similarly, a progress note from August 2000 indicates shortness of breath had been experienced for one day several days after Claimant ran out of his medicine. *See id.* at 79.

of a witness, particularly when it is done in a partisan manner." *Fulwood v. Heckler*, 594 F. Supp. 540, 547 (D.D.C. 1984). Moreover, a disability hearing is not adversarial and the administrative law judge has a duty to help develop the facts. *Cf. Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam).

At the hearing, the following exchange occurred subsequent to the ALJ announcing he had no further questions for the VE.

> ATTY:   I'm curious to know your opinion as to whether an employer would be likely in these positions you just enumerated here, with the sedentary jobs, whether those employers would be likely to tolerate an employee who clearly is wheezing at his position; having difficulty and trouble breathing, and would -- who needs to take inhaler treatments periodically throughout the day, the employer, the boss, the supervisor would approach this employee and hear this wheezing, do you think that employer's likely to tolerate that over time?
>
> ALJ:   No, that question does not translate into functional limitations.  I'm not going to allow it *the way you're asking it.*  I'm sorry.
>
> ATTY:   Well, I'm going to ask you to go ahead and answer the question over the Judge's objections.
>
> ALJ:   No.
>
> ATTY:   Go ahead and answer the question.
>
> ALJ:   Don't answer it.
>
> VE:   I've never had that happen before.
>
> ATTY:   Well, see the rules of evidence don't apply here and the Judge cannot pr[event] me from asking --
>
> ALJ:   Well --
>
> ATTY:   -- the question.

> ALJ:     -- that question is irrelevant. *The way you're asking it* --
>
> ATTY:    But you can't stop me from asking it.
>
> ALJ:     -- Counsel, is irrelevant. Because -- yeah, but he doesn't have to answer it and I'm telling him not to answer it.

Tr. at 297-98 (emphasis added).

The regulations, at 20 C.F.R. §§ 404.950(e), 416.1450(e), provide that an ALJ "may ask . . . witnesses any questions material to the issues and shall allow the parties or their designated representatives to do so." "A claimant in a disability hearing is not, however, entitled to unlimited cross-examination, but rather, only such cross-examination as may be required for a full and true disclosure." *Moore v. Sec. of HHS*, No. 4:91CV110, 1992 WL 300849, at *2 (W.D. Mich. Aug. 10, 1992). An "ALJ has discretion to determine the extent to which a witness can be cross-examined." *Id.*

A question that inadequately reduces its terms to functional limitations is limited in value and could legitimately be considered immaterial. Plaintiff's question was incomplete in this regard. Moreover, as the italicized portions of the above excerpt illustrate, the ALJ did not foreclose inquiry into the intended subject matter. His difficulty was merely with the particular way a question was being asked. The judge was clearly inviting a rephrasing by counsel. Unfortunately, although the attorney subsequently engaged in related questioning, *see* Tr. at 299, he

chose not to repair the deficiencies in the query at issue--a "failure [that] resulted from his own decision and not from a directive of the ALJ." *Baranich v. Barnhart*, 128 F. App'x 481, 489 (6th Cir. 2005). There is no indication the judge comported himself in a partisan manner or hindered counsel such that Plaintiff was deprived of a full and fair hearing.

### IV.  Conclusion

In accordance with the foregoing, it is hereby **ORDERED:**

The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's decision.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of November, 2007.

/s/     Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
    and pro se parties, if any